IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FIRST LOWNDES BANK, an Alabama banking corporation, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:08cv906-WHA |
| | ) | (WO) |
| KMC GROUP, LLC/M&Z DEVELOPMENT, INC., LLC, etc., et al., | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

This cause is before the court on a Motion to Remand, filed by the Plaintiff, First Lowndes Bank. The Plaintiff originally filed a Complaint in the Circuit Court for Butler County, Alabama. The Plaintiff brings claims against KMC Group, LLC/M&Z Development, Inc.; KMC Group, LLC; M&Z Development, Inc.; Allen R. McGinnis; Zack S. Smith; Christo Koulisis; Alfred Cardet; and Mark Richards. The Plaintiff has demanded an equitable lien, reformation of mortgages, specific performance, and judicial foreclosure. The Plaintiff also has sought judgment against the individual Defendants as makers, co-makers, and guarantors, under two separate loans with the Plaintiff.

The Defendants removed the case to this court on the basis of diversity jurisdiction. The Plaintiff, although not conceding that jurisdiction is proper, has moved to remand on the basis of a forum selection clause which the Plaintiff contends is a waiver of the right to remove the case to federal district court.

For reasons to be discussed, the Motion to Remand is due to be GRANTED.

## II.  MOTION TO REMAND STANDARD

A forum selection clause may constitute a waiver of a defendant's right to remove an action to federal court.  *Snapper, Inc. v. Redan*, 171 F.3d 1249 (11th Cir. 1999).   The determination of whether a forum selection clause constitutes a waiver, in the context of removal based solely on diversity jurisdiction, is governed by ordinary contract principles. *Id.*  at 1261.  Where ordinary contract principles fail to reveal a single reasonable interpretation of the clause, but the clause is subject to opposing, yet reasonable, interpretations, the ambiguous provision is interpreted against the drafter.  *Global Satellite Comm. Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004).

## III.  FACTS

The Plaintiff, First Lowndes Bank ("FLB"), approved a loan to build a motel in Crenshaw County, Alabama.  A loan agreement was entered into by FLB and KMC Group, LLC and M&Z Development, Inc.  Individual Defendants Alfred H. Cardet, Christo Koulisis, and Alan R. McGinnis make up KMC, Group, LLC.  Zack S. Smith and Mark Richards make up M&Z Development, Inc.  Individual defendants signed the loan agreement only in their official capacities, but have been sued in their individual capacities.

FLB points to language in the loan agreement as waiving KMC Group, LLC and M&Z Development's right to remove litigation to federal court.  The language pointed to is as follows:

> The borrower agrees that the venue for any action or proceeding arising out of or in any way relating to the loan agreement shall be in the State of Alabama and any litigation arising out of or relating to this agreement, the loan, or the relationship between the borrower and FLB shall be commenced and conducted in the courts of Butler County, Alabama.

Exhibit C to the Complaint.

In addition to the loan agreement, personal guarantees were executed by individual defendants, but those guarantees do not contain the forum selection clause language quoted above.

## IV.  DISCUSSION

The Plaintiff, FLB, insists that this case is due to be remanded because the parties in the case contractually agreed that Butler County Circuit Court is the proper venue and waived the right to remove the case to federal district court.

In *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1261 (11th Cir. 1999), the court held that a forum selection clause may constitute a waiver of a defendant's right to remove an action to federal court.  The determination of whether a forum selection clause constitutes a waiver, in the context of removal based solely on diversity jurisdiction, is governed by ordinary contract principles. *Id.*  Where ordinary contract principles fail to reveal a single reasonable interpretation, an ambiguous provision is interpreted against the drafter. *Global Satellite Comm. Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004).  The removing defendant has the burden of demonstrating that the forum selection clause is ambiguous before the court can adopt an interpretation that operates against the drafter. *Travelers Property Casualty Co. of Am. v. Onesource Facility Services, Inc.*, No. 3:05cv618, 2006 WL 75295 at *1 (M.D. Ala. March 23, 2006) (Watkins, J.).  It is not disputed that FLB was the drafter of the clause at issue in this case.

The Defendants have advanced two arguments, based on the relevant contracts, which they assert establish that they have not waived the right to remove this case to federal court.  First, the Defendants point out that some of the Defendants in this case, that is, individual

3

Defendants, did not sign an agreement in their individual capacities which contained the forum selection clause at issue. The Defendants contend, therefore, that those Defendants cannot be bound by any waiver of the right to remove.

FLB responds that all parties ought to be bound by the forum selection clause because the individual guarantors guaranteed all debts, and debt is defined as including all obligations of the borrower. The court need not decide whether such a rule would apply in this case, however, because all defendants must be unanimous in removing a case to federal court. *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). If some defendants are prevented by a contractual waiver from agreeing to removal, the defendants cannot meet the unanimity requirement, and the case must be remanded. *See Medtronic, Inc. v. Endologix, Inc.*, 530 F. Supp. 2d 1054, 1058 (D. Minn. 2008); *Holiday Hospitality Franchising, Inc. v. The Inn at Gulf Shores, Inc.*, No. 1:05cv2613, 2006 WL 358271 at *1 (N.D. Ga. Feb. 15, 2006); *Periodical Graphics, Inc. v. Spitz*, No. 94cv3286, 1994 WL 502506 at *1 (E.D. Pa. Sept. 14, 1994). Therefore, the court looks to the Defendant's second argument. The critical issue before the court is whether the Defendants bound by the agreement containing the forum selection clause waived their rights to remove the case commenced in Butler County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division, sitting in Montgomery, by virtue of the following language: "The borrower agrees that . . . any litigation . . . between the borrower and FLB shall be commenced and conducted in the courts of Butler County, Alabama." Exhibit C to the Complaint.

The Defendants contend that the language "courts of Butler County, Alabama" in the clause is ambiguous, and must be construed against FLB, so that there is no waiver of the right to

remove. They posit two interpretations which they argue are opposing, yet reasonable, as creating the ambiguity. (Def. Response, Doc. #15, at p.7). The Defendants first state that "of" the courts of Butler, County could be interpreted to refer to no courts, because the state courts derive their sovereignty from the State of Alabama, not the county, and federal courts are courts of the United States of America. The court does not agree, however, that an interpretation which makes the contract refer to no courts at all is a reasonable one.

Second, the Defendants advance an interpretation that, although there is no federal courthouse in Butler County, "the courts of Butler, County, Alabama" include this federal district court because the Middle District of Alabama is a federal district court which has a division, sitting in Montgomery County, that includes Butler County, Alabama in its boundaries.

The Eleventh Circuit has found a forum selection clause to be ambiguous which limited litigation to venue in Broward County, and waived rights to contest venue or in personam jurisdiction, requiring the parties to submit to the "jurisdiction of Broward County, Florida." *See Global Satellite Comm. Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269 (11th Cir. 2004). While the language at issue in *Global Satellite* did include "of Broward County," there is a distinction between that case and the instant case, in that the court noted that one location of the district court for the Southern District of Florida is in a city in Broward County. *Id.* at *1271-72. In examining the venue provision, the court reasoned that the venue provision used the imperative "shall," making it mandatory, and then noted that venue could be proper in "the Seventeenth Judicial District of Florida, or in the Fort Lauderdale Division of the Southern District of Florida, both of which are located in Broward County . . ."*Id.* at 1272. The court then went on to state that separate waiver language in the contract was ambiguous because it "names a geographical

unit, host to several forums . . ." *Id.* at 1274.  The fact that there was a federal court located in the specified county, therefore, was significant in the court's holding that the venue provision was ambiguous.  *See Alliance Health Group, LLC v. Bridging Health Options, LLC*, __ F.3d. __, 2008 WL 5206911 at *3 (5th Cir. Dec. 15, 2008) (interpreting *Global Satellite* to place significance on the fact that a federal courthouse was located in the state forum).

In *Travelers*, another judge in this district concluded that the forum selection provision at issue, which stated that legal proceedings "shall be brought and maintained in City of Tuskegee, Macon County, Alabama," was unambiguous.  *Travelers*, 2006 WL 752925 at *1.  The court reasoned that the only forum in Tuskegee is the Circuit Court of Macon County, Alabama.  *Id.* at *3.  Therefore, the court determined that the right of removal was waived, and remanded the case.  *Id.*

The language in the instant case, of course, is different from the language in *Travelers*, because the language of the purported waiver at issue here is not limited to a particular city and, therefore, does not as clearly exclude a federal court which provides service to the county.  The reasoning, however, can still apply; namely, that if only one forum has a presence in the identified venue, the provision is not ambiguous.  In fact, this reasoning has been adopted in the Fifth Circuit, although in a case involving forum selection language "sitting in" a county, rather than "of" a county.  *See Paolino v. Argyll Equities, LLC*, No. SA-05-CZ-342-XR, 2005 WL 2147931 (W.D. Tex. Aug. 31, 2005); *aff'd*, 211 Fed. Appx. 317, 2006 WL 3821812 (5th Cir. Dec. 28, 2006) (unpublished); *see also Collin County v. Siemens Business Serv., Inc.*, 250 Fed. Appx. 45, 2007 WL 2908926 at *6 (5th Cir. Oct. 3, 2007) (finding "persausive [a] distinction between courts encompassing an area and those sitting in or hearing cases in an area."); *cf. Dixon*

6

*v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) (holding that "of" courts of Texas did not include federal courts).

In *Paolino*, the court collected cases applying venue selection provisions and determined that when a forum selection clause "sets exclusive venue in a county in which no federal court is located, the clause cannot reasonably be interpreted to include a federal district court located in another county even though the designated county is within the district or division served by the federal court." 2005 WL 2147931 at * 5.

This court finds that interpreting the forum selection clause mandating that litigation be "commenced and conducted in the courts of Butler County, Alabama" to include this federal district court located in Montgomery County would certainly be a strained interpretation, and not a reasonable one. *See Infinite Tech., Inc. v. Rockwell Electronic Commerce Corp.*, No. 01-C-1025, 2001 WL 527357 at *2 (N.D. Ill. May 16, 2001) (noting that interpreting the "courts of DuPage County" to include a federal court located in Cook County "would be a strained interpretation."). The court is persuaded that, given the holding in *Global Satellite*, the Eleventh Circuit follows a rule that where a forum selection provision identifies a county, and the county designated is not one in which the federal district court has a physical presence, a clause which restricts litigation to that county cannot reasonably be interpreted to include a federal district court sitting elsewhere. Accordingly, the forum selection clause at issue in this case is not ambiguous and is due to be enforced.

## IV. **CONCLUSION**

For the reasons discussed, the court concludes that the forum selection clause agreed to by some of the Defendants is mandatory and unambiguous as to those Defendants, requiring that

7

the litigation be commenced in and conducted in "the courts of Butler County, Alabama," so that they have waived their right to remove the case to this federal court sitting in Montgomery County, Alabama. Having waived the right of removal, those Defendants are unable to consent to removal, and the case is due to be REMANDED to the Circuit Court of Butler Co., Alabama. A separate Order will be entered in accordance with this Memorandum Opinion.

DONE this 26th day of January, 2009.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE